IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR MORALES ORTIZ

    Petitioner

           v.

LUIS DEL VALLE RODRIGUEZ,
ROBERTO SANCHEZ RAMOS

    Defendant

Civil No. 08-1599 (SEC)

**OPINION and ORDER**

Pending before this Court is Luis del Valle Rodriguez and Roberto Sanchez Ramos' (collectively "Defendants") motion to dismiss. Docket # 8. Petitioner Hector Morales Ortiz "Petitioner") has not filed an opposition. Upon reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual and Procedural Background**

On May 28, 2008, Petitioner filed a writ of *habeas corpus* pursuant to Section 2254, 28 U.S.C. § 2254, after being convicted and sentenced for murder, aggravated assault, threatening a witness, and weapons violations by the Puerto Rico Court of First Instance, Fajardo Section. Docket # 1. On December 30, 2008, Defendants filed the instant motion, alleging that this Court lacks jurisdiction because Petitioner failed to exhaust the remedies available in the state courts, as required by Section 2254 (b)(1)(a). Docket # 8. Specifically, Defendants aver that Petitioner did not file a motion under Puerto Rico Criminal Procedure Rule 192.1, seeking to vacate, set aside, or correct the state court's judgment. Furthermore, Defendants contend that Petitioner did not seek *habeas corpus* relief in the state courts prior to the filing the instant case, and as a result, all of the state courts have not passed judgment on Petitioner's allegations. Based on the foregoing, Defendants request the dismissal of the instant petition.

**Standard of Review**

A petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of *habeas corpus* under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Supreme Court has held that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (citations omitted). Accordingly, federal courts "will not entertain an application for *habeas* relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application." Delgado v. Martinez, 72 F. Supp. 2d 2, 5 (D.P.R. 1999) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Court ruled that a claim cannot be exhausted if it is not presented directly to the state's highest court. See also Delgado, 72 F. Supp. 2d at 4. Moreover, a petitioner for federal *habeas* review must present claims to the state supreme court irrespective of whether said court's review is discretionary. O'Sullivan, 526 U.S. at 839. Based on the foregoing, a "*habeas* petitioner has to avail himself, not only of whatever appeals he was entitled to as a matter of

**CIVIL NO. 08-1599 (SEC)**                                                                                          Page 3

right, but also as to any discretionary remedies available." Marin-Robles v. Del Valle, 2005 U.S. Dist. LEXIS 1800, *8-9 (D.P.R. 2005).

The Puerto Rico courts provide for appellate relief and state *habeas corpus* post conviction relief. P.R. Laws ann. tit. 34, § 1741. Therefore, in order to be afforded federal *habeas corpus* relief, a Petitioner challenging a Puerto Rico court conviction must exhaust either of these mechanisms. Rodriguez v. Warden, 791 F. Supp. 41, 42 (D.P.R. 1992) (finding that a federal *habeas* petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings). Moreover, a prerequisite to state *habeas corpus* relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. P.R. Laws ann. tit. 34, § 1741(c); Rodriguez v. Warden, 791 F.Supp. 41, 42 (D.P.R. 1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." Thereafter, the order entered by the Court of First Instance is appealable to the appeals court, and subsequently to the Puerto Rico Supreme Court. After said remedy has been exhausted, the prisoner must then seek *habeas* relief in the state courts, prior to filing a petition for federal *habeas* relief.

**Applicable Law and Analysis**

In the present case, Defendants seek dismissal for lack of jurisdiction under Rule 12(b)(1). However, this Court cannot grant the dismissal under Rule 12(b)(1). In Camacho v. Commonwealth of P.R., 343 F. Supp. 2d 63, 65 (D.P.R. 2004), this district held that when the

**CIVIL NO. 08-1599 (SEC)**                                                                                         Page 4

resolution of a petition for *habeas corpus* "hinges upon the question of whether Plaintiff has exhausted state remedies prior to filing the petition, '[t]he exhaustion of state remedies in a federal habeas corpus proceeding is not jurisdictional; rather, it is a matter of federal-state comity.'" (citing Choice v. Pennsylvania Bd. of Parole, 448 F. Supp. 294, 296 (D.C. Pa., 1977) (emphasis added) (citing Preiser v. Rodriguez, 411 U.S. 475, 491 (1973)). However, as the court noted in Camacho, the petition may be analyzed under Rule 12(b)(6), which grants courts the discretion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  Therefore, this Court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).

In support of their request for dismissal, Defendants claim that Petitioner has taken no action to collaterally attack his conviction, specifically, that he has not filed a Rule 192.1 motion before the trial court. They further note that he has not filed a state *habeas corpus*. After reviewing the record, this Court notes that despite having requested reconsideration before the trial court, and appealed his conviction to the court of appeals, and the Puerto Rico Supreme Court, Petitioner has not shown that he filed a Rule 192.1 motion nor a state *habeas corpus* petition. Therefore, he has not exhausted all state remedies, depriving this Court of jurisdiction over the present case.  Moreover, Petitioner has not opposed Defendants' motion to dismiss nor shown any reason for exempting him from the exhaustion requirement.[1] As such, this Court must dismiss his *habeas corpus* petition for failure to exhaust state court remedies.

---

[1] The petitioner can show that the exhaustion requirement is satisfied because "there is no longer a state remedy available due to petitioner's procedural default," or when he shows "it would be futile to conduct further collateral proceedings to review his conviction in state court." Mercado Negron v. Torres-Suarez, 1999 U.S. Dist. LEXIS 7194, *9-10 (D.P.R. 1999)(citing Byrnes v. Vose, 969 F.2d 1306 (1st Cir. 1992)). However, herein Petitioner has not shown that either of the above mentioned circumstances is present.

**CIVIL NO. 08-1599 (SEC)**                                                                                     **Page 5**

Notwithstanding, the dismissal of Petitioner's *habeas corpus* petition is without prejudice because the exhaustion of state remedies requirement "does not usually foreclose, but only postpones federal relief." Camacho v. Commonwealth of P.R., 343 F. Supp. 2d at 65. As a result, the instant petition for writ *of habeas corpus* is **DISMISSED without prejudice.**

    **IT IS SO ORDERED**.

    San Juan, Puerto Rico, this 27th day of April, 2009.

                        *S/Salvador E. Casellas*
                        Salvador E. Casellas
                        U.S. District Judge